# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-894
Lower Tribunal No. 17-2802
_____

**T.M., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Howard K. Blumberg, Special Assistant Public Defender, and Luis A. Arguelles and Eric Rojo Dotel, Certified Legal Interns, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SALTER and FERNANDEZ, JJ., and LEBAN, Senior Judge.

PER CURIAM.

T.M. appeals a withhold of adjudication for throwing a deadly missile and for second-degree criminal mischief. The sole issue on appeal is whether the trial court abused its discretion in sustaining the State's objection to the introduction into evidence of an audio recording of the victim's 911 calls, under the excited utterance hearsay exception. The juvenile argues that this was harmful error. Finding no abuse of discretion, we affirm.

On appeal, a ruling on the admissibility of evidence is reviewed for abuse of discretion. Daniels v. State, 634 So. 2d 187, 192 (Fla. 3d DCA 1994). In this case, the trial court was within its discretion in precluding introduction of the recording based on the lack of authentication for this evidence.

Audio recordings may be played for the jury "if the audible parts are relevant, authenticated, and otherwise properly admissible." Odom v. State, 403 So. 2d 936, 940 (Fla. 1981). The audio can be authenticated and admitted if the party speaking on the recording testifies that the audio is an accurate representation of the conversation. McCoy v. State, 853 So. 2d 396, 403 (Fla. 2003) ("Nothing more than this confirmation, by a participant in the conversation, that the tape fairly and accurately memorialized the discussion at issue is required to properly authenticate the recording.").

In the present case, the court excluded the recording because it was presented at trial on a disc containing three recordings of three separate calls with

different content in each. The victim had previously listened to a digital recording of the particular call he had made to the 911 operator, but had not listened to the contents of the disc offered for admission by the defense. The victim was not asked to testify that the version on the disc was the same recording he had heard previously. After realizing the victim's uncertainty about the contents of the disc, defense counsel indicated that he had "another way to go about doing this." The subsequent questioning was directed to the victim's eyewitness account, thus abandoning authentication of the audio recording itself as a prerequisite to its admission into evidence.

Affirmed.